1  Charles A. Jones, Esq., SBN 6698
2  Kelly McInerney, Esq., SBN 7443
   JONES LAW FIRM
3  9585 Prototype Court, Suite B
   Reno, Nevada 89521
4  Telephone: (775) 853-6440
   Facsimile:  (775) 853-6445
5  Caj@cjoneslawfirm.com
   Kelly@cjoneslawfirm.com
6

7

8

9                    UNITED STATES DISTRICT COURT

10                    FOR THE DISTRICT OF NEVADA

11

12

| | |
|---|---|
| 13  ANGELICA MIRANDA, on behalf of herself and all others similarly situated, | Case No. |
| | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| 15            Plaintiff, | |
| 16      v. | 1) Failure to Pay Wages for All Hours Worked in Violation of 29 U.S.C. § 201, *et seq.*; |
| 17  O'REILLY AUTOMOTIVE STORES, INC., D/B/A O'REILLY AUTO ENTERPRISES, LLC, and CSK AUTO, INC, a foreign corporation; and O'REILLY AUTO ENTERPRISES, LLC, a foreign limited liability company; and CSK AUTO, INC, a foreign corporation, and DOES 1-20, inclusive | 2) Failure to Pay Overtime in Violation of 29 U.S.C. § 207; |
| | 3) Failure to Compensate for All Hours Worked in Violation of NRS 608.140 and 608.016; |
| | 4) Failure to Pay Overtime in Violation of NRS 608.140 and 608.018; and |
| 23            Defendants. | 5) Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050. |

1
COLLECTIVE AND CLASS ACTION COMPLAINT

COMES NOW Plaintiff ANGELICA MIRANDA, on behalf of herself and all others similarly situated, and alleges the following:

1.      This case is brought both as a class action and collective action. The class action is brought pursuant to Federal Rule of Civil Procedure Rule 23.  The collective action is brought pursuant to 29 U.C.S. § 216 (b) of the Fair Labor Standards Act ("FLSA") which states:  "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."   As alleged in detail herein, Plaintiff alleges that Defendants uniformly misclassified their "Store Managers" who earned a salary of less than $455 per week as exempt from overtime under both the FLSA and Nevada Law.  This action is brought to recover unpaid wages, unpaid overtime, liquidated damages, penalties, costs of suit and attorney's fees on behalf of the following:

        A.      The FLSA Collective Action Group:

        All persons who, at any time during the three years prior to the filing of this action through judgment, are or were employed by Defendants at one of their auto supply stores throughout the United States, excluding the State of California, as salaried "Store Managers" who earned a salary of less than  $455 per week.

        B.      The Nevada FRCP Rule 23 Class:

        All persons who, at any time during the three years prior to the filing of this action through judgment, are or were employed by Defendants at one of their auto supply stores  located in the State of Nevada as salaried "Store Managers" who earned a salary of less than $455 per week.

## I.

## JURISDICTION AND VENUE

2.      This Court has original jurisdiction over the federal claims alleged herein pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), federal question jurisdiction over

this action pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367.  This Court has jurisdiction over the state law claims alleged herein pursuant to Nevada Revised Statute ("NRS") sections 608.140, 608.016, 608.040, 608.050, and the Nevada Constitution.

3.      Venue is proper in this Court because one or more of the named Defendants herein owns and operates numerous auto parts stores in the greater Las Vegas area and throughout the State of Nevada, the named Plaintiff was employed by Defendants at one of their auto part stores located in Clark County, Nevada, and many of the acts complained of herein occurred in Clark County, Nevada.

## II.

## PARTIES

4.      Plaintiff ANGELICA MIRANDA ("Plaintiff" or "MIRANDA") is a natural person who is and was a resident of Clark County, Nevada and who, within the last three years, was employed by Defendants as a salaried exempt "Store Manager" at one of the many auto parts stores owned and operated by Defendants in Clark County, Nevada.  During her employment with Defendants as a salaried exempt "Store Manager," Plaintiff was paid a weekly salary of $369.23.  Additionally, Plaintiff was eligible to receive a commission.  During her employment with Defendants, Defendants suffered and permitted Plaintiff, and all others similarly situated, to work in excess of forty (40) hours per week without receiving overtime pay as required by the FLSA and Nevada law.  Pursuant to Defendants' uniform operating policies and procedures, Plaintiff, and all others similarly situated, were expected and required to work at least five (5) ten (10) hour shifts per week for a minimum fifty (50) hours per week.  Despite the fact that Defendants suffered and permitted Plaintiff, and all others similarly situated, to work in excess of forty (40) hours per week,

Defendants failed to pay either regular wages or overtime wages to Plaintiff and all others similarly situated for all hours worked in excess of forty (40) hours a week.

5.      Defendant O'REILLY AUTOMOTIVE STORES, INC., is a Missouri corporation. Defendant O'REILLY AUTOMOTIVE STORES, INC., owns and operates a nationwide chain of automotive supply stores.  During the three months ending on March 31, 2014, Defendant O'REILLY AUTOMOTIVE STORES, INC., owned and operated 4,216 stores in 42 states.  Of the 4,216 stores owned and operated by O'REILLY AUTOMOTIVE STORES, INC, there are approximately 50 stores in the State of Nevada.  In 2008, Defendant O'REILLY AUTOMOTIVE STORES, INC., purchased Defendant CSK AUTO, INC.  Defendant O'REILLY AUTOMOTIVE STORES, INC., does business in Nevada and across the country as, both, CSK AUTO, INC., and O'REILLY AUTO ENTERPRISES, LLC.

6.      Defendant O'REILLY AUTO ENTERPRISES, LLC, is a Missouri limited liability company and is a wholly owned subsidiary and D/B/A of Defendant O'REILLY AUTOMOTIVE STORES, INC.

7.      Defendant CSK AUTO, INC., is an Arizona corporation and is a wholly owned subsidiary and D/B/A of Defendant O'REILLY AUTOMOTIVE STORES, INC.

8.      Defendants, and each of them, are the employers of Plaintiff and all others similarly situated under the provisions of Nevada Revised Statutes Chapter 608 and are engaged in commerce for the purposes of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* At all times material to this action Defendants have been an "employer" of Plaintiff, and all others similarly situated, as defined by § 203(d) of the FLSA.  Defendants each and together constitute the employer and/or joint employer of Plaintiff and all others similarly situated.

9.      Defendant O'REILLY AUTOMOTIVE STORES, INC., D/B/A O'REILLY AUTO ENTERPRISES, LLC, and CSK AUTO, INC., and Defendant O'REILLY AUTO ENTERPRISES,

LLC, and Defendant CSK AUTO, INC., shall hereinafter collectively be referred to as "Defendants" or "O'REILLY."

10.     The identity of DOES 1-20 is unknown at this time and this Complaint will be amended at such time as when the identities are known to Plaintiff. Plaintiff is informed and believes the each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant," "Defendants," or "O'REILLY" shall mean "Defendants and each of them."

## III.

## FACTUAL ALLEGATIONS

11.     At all times relevant herein, Defendants owned and operated a nationwide chain of automotive supply stores under the name of CSK AUTO and/or O'Reilly Auto Parts. Each of Defendants' automotive supply stores is/was staffed with a salaried exempt "Store Manager" and several other hourly paid non-exempt employees. Plaintiff, and all other salaried "Store Managers" employed by Defendants were paid a set salary irrespective of the number of hours that they actually worked and were also eligible for a commission.

12.     Plaintiff is a former employee of the Defendants. From approximately January 2013 until April 15, 2014, Plaintiff was employed by Defendants as a salaried exempt Store Manager at the O'Reilly Auto Parts store located at 1250 South Lamb Blvd. in Las Vegas, Nevada. Pursuant to Defendants' uniform operating policies and procedures, Defendants suffered, permitted, required and expected Plaintiff to work a minimum of five (5) ten (10) hour shifts per week for  a minimum of fifty (50) hours per week. During her employment with Defendants as a salaried "Store Manager" Plaintiff was paid a set salary of $369.23 per week, irrespective of the number of hours that she actually worked. In addition to her weekly salary, Plaintiff was also eligible to earn commissions. Despite the fact that Plaintiff worked more than forty (40) hours per

week, Defendants uniformly failed to pay Plaintiff either straight time wages or overtime wages equivalent to one and one half times her hourly rate of pay, or the applicable minimum wage rate, for any hours worked in excess of forty (40) hours per week.

13.     At all times relevant hereto, Defendants suffered, permitted, expected and required all of their salaried "Store Managers" working throughout the United States to work at least five (5), ten (10) hour shifts per week or fifty (50) hours per week without receiving overtime wages for all hours worked in excess of forty (40) hours per week.

14.     At all times relevant hereto, Defendants paid all of their similarly situated "Store Managers" on a basis similar to that which they paid Plaintiff.  Specifically, Defendants paid each of their salaried "Store Managers" a weekly or bi-weekly salary irrespective of the number of hours he/she actually worked per week.  Similar to the Plaintiff, Defendants similarly situated "Store Managers" were also eligible for commissions.

15.     At all times relevant hereto, Plaintiff alleges that Defendants had a uniform policy and practice of failing to pay either straight time wages or overtime wages to all of its salaried "Store Managers" who earned a weekly salary less than $455 per week in violation of the FLSA and Nevada State Law.

16.     Defendants' auto part stores are run as a true "chain store operation."  For example, all of the Defendants' auto part stores are virtually identical in product, serves and operation.  The duties of the salaried "Store Managers" are set forth in uniform company-wide policies and procedures.  The performances of the salaried "Store Managers" have been closely monitored by regional supervisors to ensure strict compliance with those policies and procedures.

17.     The Defendants are in the possession of some records reflecting the actual hours worked and pay rates of Plaintiff and other similarly situated "Store Managers."  While Plaintiff is unable to state at this time the exact amount owing to herself and the other similarly situated "Store

Managers," Plaintiff proposes to obtain such information by appropriate focused discovery proceedings to be taken promptly in this action, and requests damages be awarded according to proof thus obtained and presented to the Court.

### IV.

### COLLECTIVE AND CLASS ACTION ALLEGATIONS

18.     Plaintiff realleges and incorporates by this reference all of the paragraphs above in this Complaint as though fully set forth herein.

19.     Plaintiff brings this action on behalf of herself and all other similarly situated "Store Managers" as both a collective action under the FLSA (29 U.S.C. § 216(b)) and a class action under Federal Rule of Civil Procedure Rule 23(b)(3). The FLSA Collective Action Group is defined as follows:

> All persons who, at any time during the three years prior to the filing of this action through judgment, are or were employed by Defendants at one of their auto supply stores throughout the United States, excluding the State of California, as salaried "Store Managers" who earned a salary of less than $455 per week. ("FLSA Collective Action Group.")

the Nevada FRCP Rule 23 Class is defined as follows:

> All persons who, at any time during the three years prior to the filing of this action through judgment, are or were employed by Defendants at one of their auto supply stores located in the State of Nevada as salaried "Store Managers" who earned a salary of less than $455 per week. ("the Nevada Rule 23 Class.")

20.     With regard to the conditional certification mechanism under the FLSA, 29 U.S.C. § 216(b), Plaintiff is similarly situated to those that she seeks to represent for the following reasons:

A.     Defendants employed Plaintiff as a salaried "Store Manager" who was paid a set salary irrespective of the number of hours that she actually worked. Plaintiff, like the other similarly situated "Store Managers" employed by Defendant earning less than $455 per week in

salary, was suffered and permitted by Defendants to work a significant number of hours per week without receiving straight or overtime wages of one and one half times her regular rate of pay for all hours worked over forty (40) hours in a work week.

B.      Defendants maintained a uniform policy and practice of misclassifying and failing to pay overtime wages to Plaintiff and all other salaried "Store Managers" earning less than $455 per week in salary equal to one and one half times their regular rate of pay for all hours worked over forty (40) hours in a work week.

C.      Common questions exist as to whether Defendants' policy and practice of failing to pay overtime to Plaintiff and all other salaried "Store Managers" earning less than $455 per week violates federal law.

D.      Upon information and belief, Defendants employ, and have employed, in excess of 500 "Store Managers" earning less than $455 per week in salary within the applicable statute of limitations period.

E.      Plaintiff is filing concurrently with this Complaint her consent to sue form with the Court (attached as Exhibit A).  Consent to sue forms are not required for state law claims under FRCP Rule 23.

21.     Class treatment under FRCP Rule 23 is appropriate for the Nevada Rule 23 Class for the following reasons:

A.      The Class Is Sufficiently Numerous:  Upon information and belief, Defendants employ, and have employed, in excess of sixty (60) Class Members within the applicable statute of limitations.

B.      Plaintiff's Claims are Typical of Those of Fellow Class Members:  Each Class Member is and was subject to the same company-wide policies, procedures and practices as

Plaintiff –the failure to pay overtime for all hours worked in excess of forty (40) hours per week to "Store Managers" earning a weekly salary of less than $455 per week.

C.   <u>Common Questions of Law and Fact Predominate</u>:   Common questions of law and fact exist and predominate as to the Plaintiff and the Class, including, without limitation: whether Defendants' policy and practice of failing to pay overtime for all hours worked in excess of forty (40) hours per week to "Store Managers" earning a weekly salary of less than $455 per week violates Nevada Law; the proper method of computing back overtime wages to Plaintiff and the Class; whether formerly employed Class Members, like the Plaintiff, are entitled to an additional thirty (30) days' worth of wages for Defendants' failure to properly pay them for all hours worked.

D.   <u>Plaintiff is an Adequate Representative of the Class</u>:   Plaintiff will fairly and adequately represent the interest of the Class because Plaintiff is a member of the Class, Plaintiff has issues of fact and law which are common with all members of the Class, Plaintiff does not have any interest that is antagonistic to the other Class Members, and Plaintiff has hired counsel who are very experienced in prosecuting wage and hour class actions such as this case.

E.   <u>A Class Action is Superior</u>:   A class action is superior to other available means for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable.   Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense.   Furthermore, the expenses and burden of individualized litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action.   Individualized litigation would also present the potential for inconsistent or contradictory judgments.

## V.

## FIRST CAUSE OF ACTION

Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, *et seq*.

(On Behalf of Plaintiff and all members of the FLSA Collective Action against All Defendants)

22.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

23.     Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff and the FLSA Collective Action Group are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

24.     29 U.S.C. § 206(a)(l) states that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: $7.25 an hour.

25.     Once the work day has begun, all time suffered or permitted by the employer to be worked by the employee is compensable at the employee's regular rate of pay, whether scheduled or not.

26.     By failing to compensate Plaintiff and the FLSA Collective Action Group for their hours worked beyond eight hours in a day or forty hours in a week by virtue of misclassifying Plaintiff and the Class Members as salaried employees, Defendants failed to pay Plaintiff and the Class Members for all hours worked.

27.     Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

28.     Wherefore, Plaintiff demands for herself and for all others similarly situated that Defendants pay Plaintiff and all persons in the FLSA Collective Action Group their minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period alleged herein together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

**VI.**

**SECOND CAUSE OF ACTION**

Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207

(On Behalf of Plaintiff and all members of the FLSA Collective Action Against All Defendants)

29.     Plaintiff realleges and incorporates by this reference all of the paragraphs above in this Complaint as though fully set forth herein.

30.     The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

31.     Section 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1) provides as follows: "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty (40) hours unless such an employee received compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." Defendants are, and were, subject to the requirement to pay Plaintiff and the FLSA Collective Action Group one and one-half times their regular rate of pay for all hours worked in a workweek in excess of forty (40) hours. Defendants violated the FLSA by failing to pay Plaintiff and the the FLSA Collective Action Group for all hours worked.

32.     Exemptions for the requirement to pay overtime to employees are found at §§ 207 and 213 of the Fair Labor Standards Act.  For example, 29 U.S.C. § 213 (a)(1) states that § 207 does not apply if the employee is employed in a bona fide executive, administrative, or professional capacity, or in the capacity of outside salesman.  In view of the remedial purpose of the FLSA, it is well settled that the various statutory exemptions are to be narrowly construed and that the burden is always on the employer to prove that its employees fall squarely within the scope of a particular exemption.  In this case, neither Plaintiff nor the similarly situated individuals in the FLSA Collective Action Group qualify for any of the exemptions which would permit Defendants from failing to pay them overtime for all hours worked in excess of forty (40) hours per week.

33.     Section 16(b) of the Fair Labor Standards Act [29 U.S.C. § 216(b)] states: "Any employer who violates the provisions of § 6 or § 7 of this Act shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

34.     Section 17 of the Fair Labor Standards Act [29 U.S.C. § 217] states: "The district courts . . . shall have jurisdiction, for cause shown, to restrain violations of § 215 of this title, including in the case of § 215(a)(2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter . . . ."

35.     The statute of limitations for violations of the FLSA is three years if the violations are willful.  At all times relevant hereto, Defendants have willfully and improperly treated Plaintiff and other similarly situated individuals in the the FLSA Collective Action Group  as "salaried" employees exempt from the overtime protections of the Fair Labor Standards Act.  Defendants'

unlawful conduct has been widespread, repeated and willful.  Defendants have willfully violated the Fair Labor Standards Act by wrongfully "Store Managers," including Plaintiff, as "exempt" to avoid payment of overtime wages and other benefits.

36.     Defendants' unlawful conduct has been widespread, repeated and willful. Plaintiff is informed and believes, and thereon alleges, that Defendants knew or should have known that Plaintiff and the Class Members did not qualify as exempt employees and purposely elected not to pay them for their overtime labor.

37.     Therefore, Plaintiff seeks unpaid overtime at time and one half of her regular rate, liquidated damages in an equal amount, plus attorney's fees and costs for herself and all Class Members, in addition to injunctive relief, from three years preceding the filing of this lawsuit until the date of judgment after trial, plus interest and costs as allowed by law.

## VII.

### THIRD CAUSE OF ACTION

Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016

(On Behalf of Plaintiff and all members of the Nevada Rule 23 Class Against All Defendants)

38.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

39.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

40.     NRS 608.016 states that "An employer shall pay to the employee wages for each hour the employee works."  Hours worked means anytime the employer exercises "control or custody" over an employee.  See NRS 608.011 (defining an "employer" as "every person having control or custody . . . of any employee.").  Pursuant to the Nevada Administrative Code, hours worked includes "all time worked by the employee at the direction of the employer, including time

worked by the employee that is outside the scheduled hours of work of the employee." NAC §608.115(1).

41.     By failing to compensate Plaintiff and members of the Nevada Rule 23 Class for the time spent working in excess of forty (40) hours per week and misclassifying Plaintiff and the Class Members as salaried exempt employees, Defendants failed to pay Plaintiff and members of the Nevada Rule 23 Class for all hours worked in violation of NRS 608.140 and 608.016.

42.     Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations of NRS 608.140 and 608.016 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

43.     Wherefore, Plaintiff demands for herself and for all members of the Nevada Rule 23 Class  payment by Defendants at the regular hourly rate of pay for all hours worked during the during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## VIII.

## FOURTH CAUSE OF ACTION

Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018

(On Behalf of Plaintiff and all members of the Nevada Rule 23 Class Against All Defendants)

44.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

45.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

46.     NRS 608.018(1) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works:  (a) More than 40 hours in any scheduled week of work;

or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

47.   NRS 608.018(2) provides as follows:

An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

48.   NRS 608.018 and 608.250 contain various exemptions whereby employers can avoid paying overtime to certain types of employees.   However, Plaintiff and members of the Nevada Rule 23 Class do not qualify for any of the exemptions contained in these sections.   By misclassifying Plaintiff and all members of the Nevada Rule 23 Class as salaried exempt employees and failing to pay Plaintiffs and the Class Members for all hours worked in excess of forty (40) hours per week, Defendants failed to pay Plaintiffs and Class Members daily overtime premium pay for all hours worked over eight (8) hours in a workday to those class members who were paid a regular rate of less than one and one half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of time and one half their regular rate for all members of the Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

49.   Although the statute of limitations for minimum wage violations is two years, there is no express statute of limitations for violations for failure to pay overtime rates of pay pursuant to NRS 608.140 and 608.018 and, therefore, the three-year statute contained in NRS 11.190(3) for statutory violations applies.

50.   Wherefore, Plaintiff demands for herself and for all members of the Nevada Rule 23 Class that Defendants pay Plaintiff and Class Members one and one half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday and in excess of forty (40)

hours a workweek during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## IX.

### FIFTH CAUSE OF ACTION

Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS    608.140 and 608.020-.050

(On Behalf of Plaintiff and all members of the Nevada Rule 23 Class Against All Defendants)

51.     Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

52.     NRS 608.140 provides that an employee has a private right of action for unpaid wages.

53.     NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

54.     NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

55.     NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefore; but the employee shall cease to draw such wages or salary 30 days after such default."

56.     By failing to pay Plaintiff and members of the Nevada Rule 23 Class who are former employees of Defendants for all hours worked in violation of the state laws identified herein, Defendants have failed to timely remit all wages due and owing to Plaintiff and Class Members who are former employees.

57.     Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050, for Plaintiff and all members of the Nevada Rule 23 Class who have terminated employment from Defendants during the relevant time period alleged herein together with attorneys' fees, costs, and interest as provided by law.

## X.

## PRAYER FOR RELIEF

Wherefore Plaintiff, on her own behalf and on behalf of all similarly situated "Store Managers," as defined above, prays for relief as follows relating to her collective and class action allegations:

1.     For an order conditionally certifying this action under the FLSA and providing notice to all members of the FLSA Collective Action Group so they may participate in this lawsuit;

2.     For an order certifying this action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of the Nevada Rule 23 Class;

3.     For an order appointing Plaintiff as the Representative of the Nevada Rule 23 Class and her counsel as Class Counsel;

4.     For damages according to proof for straight and overtime wages at the applicable rate under federal law for all hours worked over forty (40) per week;

5.     For liquidated damages pursuant to 29 U.S. C. § 216(b);

6.    For damages according to proof for regular rate pay under NRS 608.140 and 608.016 for all hours worked;

7.    For damages according to proof for overtime compensation at the applicable rate under NRS 608.140 and 608.018 for all hours worked for those members of the Nevada Rule 23 Class who earned a regular rate of less than one and one half times the minimum wage for hours worked in excess of eight (8) hours per day and/or for all members for overtime premium pay of one and one half their regular rate for all hours worked in excess of forty (40) hours per week;

8.    For sixty days of waiting time penalties pursuant to NRS 608.140 and 608.040-.050;

9.    For interest as provided by law at the maximum legal rate;

10.   For reasonable attorneys' fees authorized by statute;

11.   For costs of suit incurred herein;

12.   For pre-judgment and post-judgment interest, as provided by law, and

13.   For such other and further relief as the Court may deem just and proper.

Dated June 5, 2014                                    JONES LAW FIRM

                                                      By:  /s/ Charles A. Jones
                                                      Attorneys for Plaintiff and
                                                      all others similarly situated

Exhibit A

Charles A. Jones, Esq., SBN 6698
Kelly McInerney, Esq., SBN 7443
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440
Facsimile: (775) 853-6445
Caj@cjoneslawfirm.com
Kelly@cjoneslawfirm.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

|  |  |
|---|---|
| ANGELICA MIRANDA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>O'REILLY AUTOMOTIVE STORES, INC., D/B/A O'REILLY AUTO ENTERPRISES, LLC, and CSK AUTO, INC, a foreign corporation; and O'REILLY AUTO ENTERPRISES, LLC, a foreign limited liability company; and CSK AUTO, INC, a foreign corporation<br><br>Defendants. | Case No.<br><br>**CONSENT TO JOIN COLLECTIVE ACTION** |

1

CONSENT TO JOIN COLLECTIVE ACTION

05/05/2014  12:03   7028731125              USA AUTO SERVICE                        PAGE  02/02

<u>**CONSENT TO OPT-IN TO COLLECTIVE ACTION**</u>
<u>**UNDER THE FAIR LABOR STANDARDS ACT**</u>

Pursuant to Section 16(b) of the Fair Labor Standards Act [29 U.S.C. §216(b)], I hereby consent to be a party plaintiff in a collective action brought in the United States District Court, District of Nevada, titled <u>Angelica Miranda, et al. v. O'Reilly Automotive Stores, Inc., et al.</u>, to recover unpaid overtime and other sums owing to me and other similarly situated employees.

DATED: _June 5th, 2014_                _Angelica Miranda_
                                                        SIGNED

                                                        _ANGELICA MIRANDA_
                                                        PRINTED NAME

2
CONSENT TO JOIN COLLECTIVE ACTION